Wells Fargo Bank FSB v Asphall (2024 NY Slip Op 00605)

Wells Fargo Bank FSB v Asphall

2024 NY Slip Op 00605

Decided on February 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 380191/14 Appeal No. 1592 Case No. 2023-03672 

[*1]Wells Fargo Bank FSB, etc., Plaintiff-Appellant,
v
Christine Asphall, Defendant-Respondent, New York City Parking Violations Bureau et al., Defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford (John E. Brigandi of counsel), for appellant.
Biolsi Law Group, P.C., New York (Joseph A. Jacobson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Barry Salman, J.H.O.), entered on or about January 26, 2023, dismissing the complaint and canceling the notice of pendency, unanimously reversed, on the law, with costs, the judgment vacated, and the matter remanded for appointment of a referee to compute the amount due to plaintiff under the note and mortgage.
Defendant failed to meet her burden of proof regarding her affirmative defense that the loan was illegal under Banking Law § 6-l (see Manion v Pan Am. World Airways , 55 NY2d 398, 405 [1982]). Defendant's ninth affirmative defense in her answer alleged that that her loan constituted a high-cost loan that violated the Banking Law. In opposition to plaintiff's summary judgment motion, defendant argued that her loan constituted a "high cost home loan" that violated the version of Banking Law § 6-l effective from October 14, 2007 to August 4, 2008 because the total "points and fees" exceeded 5% of the total loan amount (Banking Law § 6-l[1][f] and [1][g][ii] [2007]). That statute defines the total loan amount as the amount borrowed less the total points and fees (Banking Law § 6-l[h] [2007]). It is undisputed that the loan at issue was for $372,000. However, the parties disputed the amount of the total points and fees as defined by Banking Law § 6-l(1)(f) (2007), and therefore disagreed about whether the loan qualified as a "high cost home loan" or not under the statute.
The parties consented to a hearing before a Judicial Hearing Officer to determine the issue of whether the loan is a "high cost home loan" under the Banking Law. At the hearing, defendant rested without presenting any witnesses or documentary evidence. Accordingly, she failed to meet her burden to prove her affirmative defense. Plaintiff argued for the first time at the hearing that an earlier version of the high-cost home loan statute applied. However, defendant failed to meet her burden to prove that her loan qualified as a high-cost home loan under either version of the statute.
But for a question of fact as to the loan's legality raised by defendant's affirmative defense, Supreme Court found that Wells Fargo had established its entitlement to summary judgment, which defendant did not otherwise contest. Accordingly, since defendant failed to meet her burden to prove her affirmative defense, the hearing court should have granted Wells Fargo summary judgment and appointed a referee to compute the amount due to plaintiff under the note and mortgage. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2024